# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6101 | **DATE** | 9/27/2010 |
| **CASE TITLE** | Lewis vs. Suthers et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court dismisses this lawsuit in its entirety and denies Lewis' motion to proceed in forma pauperis [4].

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On September 23, 2010, pro se Plaintiff Sherron L. Lewis, Jr. filed the present Complaint in federal district court for "unlawful debt collections practices, fraud, RICO, civil rights, and constitutional violations." Plaintiff also seeks to proceed in forma pauperis in lieu of paying the $350 filing fee. *See* 28 U.S.C. § 1915(a)(1). For the following reasons, the Court dismisses the present lawsuit in its entirety and denies Plaintiff's motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must look beyond Plaintiff's financial status and review his claims to determine whether the action he alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if he is seeking damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (grounds for sua sponte dismissal of in forma pauperis cases set forth in 28 U.S.C. § 1915(e)(2)(B)); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 829 (7th Cir.2009) (28 U.S.C. § 1915(e)(2)(B) provides screening process for in forma pauperis cases).

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## ANALYSIS

Lewis brings the present action against Defendants John W. Suthers, Attorney General of the State of Colorado, Andrew P. McCallin, First Assistant Attorney General of the State of Colorado, and Erik R. Neusch, Assistant Attorney General for the State of Colorado. (R. 1-1, Compl. ¶¶ 2, 8-10.) Lewis bases this federal lawsuit on a complaint that the State of Colorado filed against him in the District Court of Jefferson County, Colorado. (*Id.* ¶ 2.) The State of Colorado brought the underlying lawsuit against Lewis based on the Colorado Consumer Protection Act ("CCPA"), Colo.Rev.Stat. §§ 6-1-101 through 6-1-1120. To clarify, the underlying state court lawsuit is a law enforcement action based upon allegations that Lewis engaged in deceptive trade practices. *See* Colo.Rev.Stat. § 6-1-103; *see also State ex rel. Suthers v. Cash Advance & Preferred Cash Loans,* 205 P.3d 389, 401 (Colo.App. 2008).

Lewis cannot maintain the present action in federal district court because he brings claims against Defendants who have absolute immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). More specifically, attorneys general are shielded by absolute immunity when they act as an advocate for the State. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 12S (1976). Further, in the underlying lawsuit, the individual Defendants represented the State of Colorado. In other words, the State of Colorado sued Lewis for deceptive trade practices. Under the Eleventh Amendment to the United States Constitution, individuals cannot bring lawsuits seeking damages against a State based on sovereign immunity. *See Northern Ins. Co. v. Chatham County,* 547 U.S. 189, 193-94, 126 S.Ct. 1689, 164 L.Ed.2d 367 (2006); *Nelson v. Miller,* 570 F.3d 868, 883 (7th Cir. 2009). Therefore, any claim against the State of Colorado for damages is not actionable.

Finally, Lewis attempted to remove the Attorney General's enforcement action under the Colorado Consumer Protection Act to the Northern District of Illinois. (*See* 10 C 5045.) On September 20, 2010, Judge Kenelley remanded the enforcement action to the District Court of Jefferson County, Colorado. (*See id.* at R. 17, 18.) Lewis the filed the present lawsuit on September 23, 2010 – three days after Judge Kennelly remanded his state court lawsuit. Thus, the present lawsuit appears to be an attempt to bring the Colorado enforcement action in federal district court. For this reason, as well as the reasons discussed above, the Court dismisses this lawsuit in its entirety and denies Lewis' motion to proceed in forma pauperis.